# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

07 JUN -8 PM 1:50

| | | |
|---|---|---|
| MIRACLE HURSTON<br>1812 Grand Avenue<br>Middletown, OH 45044 | )<br>)<br>) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| THE CITY OF SPRINGBORO, OH<br>320 W. Central Ave.<br>Springboro, OH 45066 | )<br>)<br>) | **1:07 CV 449**<br><br>**COMPLAINT** |
| and | ) | **J. BARRETT** |
| OFFICER TERRY DUNKEL<br>Springboro OH Police<br>320 W. Central Ave.<br>Springboro, OH 45066 | )<br>)<br>)<br>) | **JURY DEMAND** |
| and | ) | |
| JOHN DOES 1-20 | ) | |
| Defendants. | ) | |

Plaintiff Miracle Hurston for his Complaint against the above named Defendants, states as follows:

1. This is an action for violations of Plaintiff's civil and constitutional rights under 42 U.S.C. § 1983 *et seq.*

## Parties

2. Plaintiff Miracle Hurston is a citizen of the United States.

3. Defendant City of Springboro is a subdivision of the State of Ohio, a person/entity who can be sued under 42 U.S.C. § 1983 and did employ the defendant police officers at all relevant times.

4. Defendants Dunkel and John Does are/were law enforcement officers employed by the City of Springboro and were acting under color of state law at all relevant times.

5. Plaintiff sues each and all defendants (except the City) in both their individual and official capacities.

## Jurisdiction and Venue

6. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1343. This Court has jurisdiction over all state law claims under 28 U.S.C. § 1367. Personal jurisdiction is proper as all defendants and all relevant incidents occurred and all Defendants are located in this District. Venue is proper over each claim and each defendant pursuant to 28 U.S.C. §1391(b)(1) and/or (b)(2).

## Facts

7. Beginning in September 2005 and continuing up to the present defendant police officers stopped Plaintiff for fictional traffic violations on more than a dozen occasions.

8. At least six of these stops have occurred so far in 2007.

9. Mr. Hurston has never been convicted nor paid any type of fine after any of these alleged traffic violations, though there is one case still pending in the Springboro Mayor's Court as of the date of this Complaint.

10. In several instances police car video directly contradicted the police allegations in the relevant charging documents.

11. In none of the instances here complained of, including the pending case in Springboro, did Mr. Hurston commit any traffic infraction.

12. At all times the citing police officers were aware that Mr. Hurston had committed no violation and were further aware they lacked any legal reason stop Mr. Hurston's vehicle.

13. At all times the Defendant officers knew that the allegations they caused to be filed in the Springboro Mayor's Court were false.

### First Cause of Action

14. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

15. No reasonable suspicion or probable cause existed to detain or cite Mr. Hurston at any time.

16. Defendant Officers knew that they had no legal cause to stop, detain, cite or otherwise interact with Mr. Hurston as they did.

17. Defendant's actions were taken under color of state law and were willful, wanton, malicious, and/or in reckless disregard of plaintiff's constitutional and/or statutory rights.

18. As a direct and proximate result of the defendant officers' conduct Plaintiff suffered injuries and damages and continues to suffer injuries and damages for the violation of his constitutional rights under at least the 4th and 14th Amendments to the United States Constitution.

19. Plaintiff is entitled to judgment pursuant to 42 U.S.C. § 1983 et seq.

### Second Cause of Action

20. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

21. No probable cause existed to justify the filing of charges against Mr. Hurston.

22. The Defendants knew there was no legal cause to justify filing charges against Mr. Hurston.

23. The Defendant officers, acting under color of law, charged Mr. Hurston anyway.

24. Defendant's actions were taken under color of state law and were willful, wanton, malicious, and/or in reckless disregard of plaintiff's

constitutional and/or statutory rights and constitute a wrongful and/or malicious prosecution.

25. As a direct and proximate result of the defendant officers' conduct Plaintiff suffered injuries and damages and continues to suffer injuries and damages for the violation of his constitutional rights.

26. Plaintiff is entitled to judgment pursuant to 42 U.S.C. § 1983 et seq.

### Third Cause of Action

27. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

28. Acting under color of law and pursuant to official policy or custom, defendant City of Springboro knowingly, recklessly, and/or with deliberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control and discipline, or otherwise failed to train defendant police officers in their duties.

29. Defendant City of Sprinboro, directly or indirectly, under color of law, approved or ratified the unlawful, deliberately indifferent, malicious, reckless, and wanton conduct of defendant police officers described in this Complaint.

30. As a direct and proximate cause of the acts of defendant City as set forth in this Complaint plaintiff suffered at least constitutional injury in connection with the deprivation of his constitutional and statutory rights protected by 42 U.S.C. § 1983.

31. Plaintiff is entitled to judgment pursuant to 42 U.S.C. § 1983 et seq.

### Fourth Cause of Action

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. The Defendants conduct described in this Complaint constitutes a violations of Mr. Hurston's substantive due process rights.

34. Defendant's actions were taken under color of state law and were willful, wanton, malicious, and/or in reckless disregard of plaintiff's constitutional and/or statutory rights.

35. As a direct and proximate result of the defendant officers' conduct Plaintiff suffered injuries and damages and continues to suffer injuries and damages for the violation of his constitutional rights.

36. Plaintiff is entitled to judgment pursuant to 42 U.S.C. § 1983 et seq.

**WHEREFORE**, Plaintiff request the Court to award him:

    A. Compensatory damages in an amount to be shown at trial;

    B. Punitive damages;

    C. Costs incurred in this action;

    D. Reasonable attorney fees;

    E. Prejudgment interest;

**A TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully Submitted,

JAMES E. KOLENICH (0077084)
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 444-2099 (fax)
jameseus@hotmail.com
*Trial Attorney for Plaintiff*

DAVID M. HOPPER (0069814)
780 W. Central Ave.
Springboro, OH 45066
(937) 746-4997
DDHopper811@yahoo.com
*Trial Attorney for Plaintiff*