UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MIRACLE HURSTON, | : | CASE NO. 1:07-cv-00449 |
| Plaintiff, | : | JUDGE BARRETT |
| -vs- | : | |
| THE CITY OF SPRINGBORO, OH, et al., | : | |
| Defendants. | : | |

___

**DEFENDANT'S MOTION *IN LIMINE***
___

Comes now Defendant, who, respectfully requests an Order from this Court precluding Plaintiff from offering any evidence, testimony, and any and all references to other times he may have been stopped by a Springboro, Ohio police officer other than on August 27, 2005 and January 12, 2007. The fact Plaintiff may have been stopped on other occasions other than those at issue is irrelevant to the issues joined in this case and any probative value is substantially outweighed by the danger of unfair prejudice. This Motion is supported by the attached Memorandum.

    Respectfully submitted,

    /s/    Wilson G. Weisenfelder, Jr.
    Wilson G. Weisenfelder, Jr. (0030179)
    RENDIGS, FRY, KIELY & DENNIS, L.L.P.
    One West Fourth Street, Suite 900
    Cincinnati, OH 45202-3688
    (513) 381-9292
    (513) 381-9206 - Facsimile
    E-mail: wgw@rendigs.com
    Trial Attorney for Defendant

**MEMORANDUM**

Plaintiff alleges in his Complaint he has been stopped "for frivolous traffic violations" on more than a dozen occasions beginning in September, 2005. At issue in this case are the stops by Officer Dunkel of Plaintiff on August 27, 2005 and January 12, 2007. Plaintiff challenges the constitutionality of those stops on the basis they were made without reasonable suspicion.

Assuming Plaintiff's allegations concerning the number of times he has been stopped by Springboro, Ohio police since September, 2005 are accurate, there are five stops which have not been identified either by the date, nature of infraction, or the officer involved. Plaintiff has not sought leave of Court to amend his Complaint either to assert additional constitutionally infirm stops by Officer Dunkel or by others during the time period in question. The other stops, whether they occurred or not, are simply irrelevant as to whether Officer Dunkel had reasonable suspicion to stop Plaintiff on August 27, 2005 and January 12, 2007. Fed. R. Evid. 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 403 prescribes that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, etc.

The purpose of a Motion *In Limine* is to permit the Court to rule on evidentiary matters in advance of trial. Further, a Court may grant a Motion *In Limine* to exclude

evidence when it is clear the evidence is inadmissible. *Madoffe v. Safe Light Solutions, LLC*, 2008 WL 2531450 (S.D. Oh 2008).

The introduction of any testimony, evidence, or reference to other times Plaintiff was stopped by an officer of the Springboro Police Department is irrelevant. Stops of Plaintiff on other occasions have absolutely no bearing on whether Officer Dunkel had reasonable suspicion to stop Plaintiff on August 27, 2005 and January 12, 2007.

Even if the Court should determine evidence of the other stops might be relevant, the probative value of that evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The facts and circumstances underlying the other stops have no relationship to the stops at issue. Accordingly, admission of evidence related to the other stops has the potential of confusing whether the stops at issue were predicated upon reasonable suspicion. Clearly, such evidence must be deemed inadmissible.

Based on the foregoing, it is respectfully requested Plaintiff be precluded from offering any testimony, evidence, or any reference to any traffic stops by Springboro police officers other than those which are at issue in this case, August 27, 2005 and January 12, 2007.

/s/     Wilson G. Weisenfelder, Jr.
Wilson G. Weisenfelder, Jr. (0030179)
RENDIGS, FRY, KIELY & DENNIS, L.L.P.
One West Fourth Street, Suite 900
Cincinnati, OH  45202-3688
(513) 381-9292
(513) 381-9206 - Facsimile
E-mail:  wgw@rendigs.com
Trial Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2008, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>James E. Kolenich, Esq.
>9435 Waterstone Blvd., #140
>Cincinnati, OH 45249
>*Attorney for Plaintiff*

>/s/    Wilson G. Weisenfelder, Jr.
>Wilson G. Weisenfelder, Jr.